IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEREK WAYNE MONTEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-041 |
| | § | |
| JO CARTER, | § | |
| District Clerk, Randall County | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**PETITION FOR A WRIT OF MANDAMUS**

Before the Court are Petitioner's Motions for Court Order, filed on November 6, 2013 (doc. 3 and 5). By these motions, petitioner seeks an order requiring Jo Carter, the District Clerk of Randall County, Texas, to produce photocopies of the indictment in the state criminal proceeding where he was convicted of robbery in Cause No. 18139-C in the 251st District Court, Randall County Texas.

By Order entered March 13, 2014, the Court construed the motions as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361, and ordered Petitioner to pay the $400.00 filing fee or file a signed Application to Proceed *in Forma Pauperis* within fourteen (14) days. The Court also advised Petitioner that if he did not wish to prosecute this lawsuit, he could notify the Court within fourteen (14) days and no filing fee would be assessed.

On March 24, 2014, Petitioner filed his Application to Proceed *in Forma Pauperis* and *in forma pauperis* data sheet along with a letter stating "[t]he petitioner does not want to prosecute this

lawsuit. Petitioner's only desire is for the Court to compell [sic] Jo Carter to produce copies of petitioner's indictment as stated in (Doc. #3 and #5), the documents are needed to file 1107." Petitioner's response to the order does not make sense. Petitioner cannot seek relief if he does not wish to prosecute the lawsuit, or stated differently, he cannot request this Court to issue orders in a case he does not wish to prosecute. Based upon Petitioner's statement that he does not wish "to prosecute" the lawsuit, it should be DISMISSED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case initiated by petitioner DEREK MONTEZ be DISMISSED without prejudice. It is the further RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's request to proceed *in forma pauperis* be DENIED

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of April 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).